UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR 05-134-02T |
| : | |
| KHONG NGUYEN : | |

**MEMORANDUM AND ORDER**

On December 19, 2005, Defendant Khong Nguyen appeared before this Court for arraignment on an indictment charging him with a crime of violence – collection of a debt by extortionate means, 18 U.S.C. § 894, and for a bail hearing. After hearing argument, this Court ordered Defendant detained and, pursuant to 18 U.S.C. § 3142(i), issued a written order of detention pending trial. (Document No. 14).

Defendant's criminal history includes a prior federal drug trafficking conviction for which Defendant is currently on supervised release in the District of Massachusetts. A violation matter is pending in that District related to a Rhode Island state assault charge brought on July 26, 2005 which is based on the same incident underlying the pending felony indictment in this Court. After an initial period of detention on the pending violation matter, Defendant apparently was released to the third-party custody of Warren Gossen, his girlfriend's father who is a police detective on Martha's Vineyard, Massachusetts.

On September 13, 2005, Defendant's counsel in the violation matter moved for an indefinite continuance of the final revocation hearing pending action by the State of Rhode Island on Defendant's state assault charge. In the Motion to Continue, Defendant's counsel advised the Court

that a "screening conference" would be held in the state court "to determine if the case will go forward." Defendant's Motion to Continue was granted by the District Court on September 14, 2005, and Defendant was ordered to provide a status report every sixty days as to the disposition of the pending Rhode Island case. Although more than sixty days has elapsed, there is no record that a status report was ever filed with the Court.

During the bail hearing in this Court, Defendant's counsel advised the Court that Defendant had been released on the violation matter pending in Massachusetts and asked that this Court hear from Detective Gossen (the third-party custodian), Jenna Gossen (Defendant's girlfriend), Defendant's family and Defendant's Massachusetts probation officer, if the Court was ordering Defendant detained. Defendant's request to reconvene for a second bail hearing with the requested individuals present is DENIED. The facts as they exist today are materially different from the facts before the Court in Massachusetts when Defendant was released on the violation matter. First, at that time, Defendant's state matter had not yet been screened by the Rhode Island Attorney General for felony prosecution, and it was possible that the case would be dropped as noted in Defendant's successful Motion to Continue. However, since that time, Defendant's case has been screened and an information charging this Defendant with two felonies has been signed and filed by a representative of Rhode Island's Attorney General, and the matter transferred from State District to State Superior Court for felony prosecution. See State of Rhode Island v. Khong Nguyen, KC-2005-0732B. Thus, the state prosecution was not dropped as Defendant represented it might.

Second, a federal grand jury indicted Defendant on December 7, 2005 of two felony counts of collecting a debt by extortionate means (18 U.S.C. § 894) – a crime of violence. While the

District Court in Massachusetts may well have had sufficient grounds in September to release Defendant in the violation matter, the facts have changed significantly since then, in a manner adverse to Defendant's position on bail. This Court concludes that a second bail hearing is not warranted and that the presence of the individuals identified by Defendant's counsel would not cause this Court to reconsider and reverse its prior detention decision.

As to the merits of Defendant's bail argument, there are several obstacles in his way under the Bail Reform Act (the "Act"). First, the Act requires the Court to consider "the nature and circumstances of the offense charged, including whether [it] is a crime of violence." 18 U.S.C. § 3142(g)(1). In this case, Defendant is charged with a crime of violence, and the Government proffered that this Defendant directly assaulted the victim. Second, the Act requires the Court to consider whether the Defendant was on probation, parole or other release, at the time of the charged offense. 18 U.S.C. § 3142(g)(3)(B). In this case, Defendant was on supervised release stemming from a 1994 federal drug trafficking conviction at the time of the charged offense.

Finally, the Act requires the Court to consider the defendant's criminal history. 18 U.S.C. § 3142(g)(3)(A). In addition to Defendant's prior federal drug trafficking conviction, his record also includes a conviction for possession of ammunition, convictions for other drug offenses and a first degree assault charge with no disposition reported. Assuming that the witnesses identified by Defendant's counsel would all testify positively and convincingly in Defendant's favor as to bail, such evidence would not outweigh the several other factors militating heavily against bail in this matter.

For these reasons, Defendant's request for a second bail hearing with the presence of his family, girlfriend, girlfriend's father and probation officer is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
December 22, 2005