UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 05-134-02T

KHONG NGUYEN

**MOTION TO SEVER CO-DEFENDANTS**

Now comes the Defendant Khong Nguyen and moves, pursuant to Rule 14 of the Federal Rules of Criminal Procedure and the decision of the United States Supreme Court in Bruton v. United States, 391 US 123 (1968), to sever his trial on this Indictment from that of the codefendant Quoc Nguyen, for the reason that the codefendant gave a statement admitting involvement in the offense and implicating this Defendant. The Government's anticipated use of this statement as evidence at a joint trial would therefore violate Defendant's Sixth Amendment right to confront and cross-examine the witnesses against him, mandating a severance of the Defendant's case for trial.

KHONG NGUYEN
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on January 12, 2006, I mailed a copy of this Motion to AUSA James Leavey, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 05-134-02T

KHONG NGUYEN

**MEMORANDUM IN SUPPORT OF MOTION TO SEVER CO-DEFENDANTS**

The Defendant Khong Nguyen has moved, pursuant to Rule 14 of the Federal Rules of Criminal Procedure and the decision of the United States Supreme Court in Bruton v. United States, 391 US 123 (1968), to sever his trial on this Indictment from that of the codefendant Quoc Nguyen, for the reason that the codefendant gave a statement admitting involvement in the offense and implicating this Defendant. The Police Narrative of Patrolman Donald Archibald memorializes this oral statement as follows:

> Quoc admitted that he and the others drove to Nail Tech this evening to collect 2,000 (2K) that he said Tommy owes in gambling debts. Quoc would not say if he was collecting the money for himself or for someone else. He denied knowing anyone named "Andy". Quoc said Tommy called him an obscenity in Vietnamese (the equivalent of motherfucker) when Quoc asked for the money. Quoc said that angered him and he admitted that he and his brother Khuong pushed Tommy to the ground and may have "slapped him around" a little bit. Quoc said he stopped his assault when Yvonne jumped in. Quoc said Yvonne retrieved a sword from her vehicle and threatened him with it.
>
> Quoc also admitted that he and the other two men showed up at Nail Tech unannounced for the sole purpose of collecting the 2,000.00 from Tommy.

Defendant anticipates that the Government will seek to use Quoc Nguyen's statement at trial, as evidence against Quoc Nguyen. However, use of this statement as evidence at a joint trial would violate this Defendant's Sixth

Amendment right to confront and cross-examine the witnesses against him. Therefore Defendant submits that this Court must sever his case from that of his codefendant Quoc Nguyen.

KHONG NGUYEN
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on January 12, 2006, I mailed a copy of this Memorandum to AUSA James Leavey, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.