UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 05-134-02T

KHONG NGUYEN

**OBJECTION TO GOVERNMENT'S USE OF DEFENDANT'S FELONY CONVICTIONS FOR IMPEACHMENT**

Now comes Defendant Khong Nguyen and objects to the Government's intention to impeach him with felony convictions more than ten years old, for the reasons set forth in the accompanying Memorandum.

KHONG NGUYEN
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on February 24, 2006, I mailed a copy of this Objection to AUSA James Leavey, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 05-134-02T

KHONG NGUYEN

**MEMORANDUM IN OBJECTION TO GOVERNMENT'S USE OF DEFENDANT'S FELONY CONVICTIONS FOR IMPEACHMENT**

As Rule 609(b) of the Federal Rules of Evidence requires, the Government has advised each of the Defendants, including this Defendant, that it intends to impeach them with felony convictions more than ten years old This Defendant objects the use of this impeachment evidence, and in the event that this Defendant testifies at trial, will object to the introduction into evidence for impeachment purposes of any of the Defendant's prior convictions.

Rule 609(a) provides that evidence of such a conviction that is less than ten years old is only admissible if the Court finds that the probative value of each prior conviction outweighs its prejudicial effect; Rule 609(b) establishes a general rule excluding convictions more than ten years old unless a defendant receives prior notice and an opportunity to object, and the Court determines that the probative value of the conviction on the issue of defendant's credibility outweighs its prejudicial effect. In this case, Defendant Khong Nguyen has criminal convictions as set forth in the attached criminal history prepared by United States Probation.

The first charge listed arises out of the instant offense, and is pending in the Kent County Superior Court. Only the third listed charge, from the United States District Court in the District of Massachusetts, falls within the ambit of the Rule 609(a) balancing test.

The other Massachusetts conviction and the two New Hampshire convictions are more than ten years old, and so are within the scope of the Rule 609(b) rule of general inadmissibility. None of the Defendant's convictions is for any crime involving dishonesty or false swearing.

Defendant submits that the latter three convictions are, by definition, remote in time, and also lack probative force with respect to Defendant's credibility – the only issue on which they are arguably admissible. In addition, the prejudicial effect of the ammunition possession conviction, in a case in which one of the codefendants is alleged to have brandished a handgun (or perhaps a machete, according to the Government) and in which extortion by threat of violence is charged, is clear. For these reasons, Defendant submits that the Government should not be permitted to use these convictions to impeach Defendant's credibility if Defendant testifies at trial.

In the event that this Honorable Court deems any of this Defendant's convictions admissible under Rule 609, Defendant further submits that this Court should follow the "eminently fair" practice approved by the Court of Appeals for the First Circuit in United States v. Powell, 50 F.3d 94 (1st. Cir. 1995) and permit the Government to inquire only regarding the number of felony convictions, but not regarding their nature. See also United States v. Brito, 427 F.3d 53 (1st Cir. 2005).

KHONG NGUYEN
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on February 24, 2006, I mailed a copy of this Memorandum to AUSA James Leavey, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.