IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) CR No. 05-134T
)
KHONG NGUYEN )

**GOVERNMENT'S RESPONSE TO
DEFENDANT KHONG NGUYEN'S OBJECTION TO
GOVERNMENT'S USE OF DEFENDANT"S FELONY
CONVICTIONS FOR IMPEACHMENT**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and files this response to defendant's objection to the government's use of prior felony convictions for impeachment, should the defendant testify, for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

CERTIFICATION OF SERVICE

I hereby certify that on this 6th day of March, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Response to Defendant Khong Nguyen's Objection to Government's Use of Defendant's Felony Convictions For Impeachment, along with its accompanying Memorandum, to the following:

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| KHONG NGUYEN | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT KHONG NGUYEN'S OBJECTION TO GOVERNMENT'S USE OF DEFENDANT"S FELONY CONVICTIONS FOR IMPEACHMENT**

Defendant Khong Nguyen has asked this Court to preclude the government from introducing evidence of all of his criminal felony convictions both within and without the ten year period. Since Rule 609(a) of the Federal Rules of Evidence requires this Court to balance the probative value of admitting the evidence against its prejudicial effect, the government believes this decision may best be decided at the close of the government's case.

If the Court disagrees, the government would cite a recent First Circuit decision, United States v. Brito, 427 F.3 53, 63-64 (1st Cir. 2005) for the proposition that defendant's felony convictions are admissible for impeachment, should defendant testify. Brito was charged with felon in possession. The trial court permitted the government to introduce three prior felony drug convictions when defendant elected to testify. The First Circuit noted that its prior decisions have held that prior convictions not involving dishonesty have some probative value

for impeachment. The nature of the prior conviction generally does not go to admissibility, but rather to its weight. The fact that the prior convictions are dissimilar to the crime for which defendant is on trial (as in the instant case) favors admissibility since it is less prejudicial. Drug convictions have some bearing on credibility. Finally, and perhaps most importantly, the Brito case hinged on the credibility of the defendant. This factor also favors admissibility. Brito at 63-64. This instant case may well hinge on whether the jury believes that Khong Nguyen assaulted Tommy Nguyen because Nguyen attacked him first (Khong's version) or because Nguyen failed to pay a gambling debt. Defendant's prior felony convictions should be admitted if defendant testifies.

Defendant also objects to the government's using convictions of the defendant more than ten years old. In this circumstance, the Court would have to find that the probative value of the conviction substantially outweighs its prejudicial effect. Again, the government believes that this decision should not be made until the close of the government's case. It should be noted, however, that while such convictions are generally not to be admitted, Rule 609 does not prohibit their use.

Finally, defendant asks this Court to follow the "eminently fair" practice noted in United States v. Powell, 50 F.3d 94 (1st Cir. 1995) and permit the government to inquire only the number

of felony convictions but not their nature. While that particular panel, under the circumstances of that case, determined that the practice was "eminently fair", the government has not found any other First Circuit decision which followed that practice. Indeed, in the case of United States v. Brito, supra, cited by both the government and defendant, the nature of the impeachment conviction, i.e. drug trafficking offenses, was specifically found to have some bearing on credibility as noted above and the nature of a conviction generally goes to weight, not admissibility.

Wherefore, the government respectfully submits, based on the above, that a final decision on this motion should be reserved until the close of the government's case.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

## CERTIFICATION OF SERVICE

I hereby certify that on this 6th day of March, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Response to Defendant Khong Nguyen's Objection to Government's Use of Defendant's Felony Convictions For Impeachment, along with its accompanying Memorandum, to the following:

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

[signature]