UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 05-134-02T

KHONG NGUYEN

**MOTION FOR NEW TRIAL**

The Defendant Khong Nguyen moves, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, that his Honorable Court grant him a new trial in the interests of justice, for the reason that the verdict was against the weight of the evidence, for the reasons set forth in the accompanying Memorandum.

KHONG NGUYEN
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on May 11, 2006, I hand-delivered a copy of this Memorandum to AUSA James Leavey, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 05-134-02T

KHONG NGUYEN

**MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL**

The Defendant Khong Nguyen has moved, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, that his Honorable Court grant him a new trial in the interests of justice, for the reason that the verdict was against the weight of the evidence; his motion was timely filed.

In deciding a motion for new trial, Defendant submits that this Court must review all of the evidence, exercising independent judgment on the credibility of the witnesses and the weight of the evidence. United States v. Nishnianidze, 342 F.3d 6 (1st Cir. 2003; State v. Salvatore, 763 A.2d 9895 (RI 2001). The Court must consider the evidence in light of the charge to the jury and must form the Court's own opinion on the evidence, weighing the credibility of witnesses and determining, when the evidence conflicts, what evidence to accept and to reject. Finally, the Court must determine whether the evidence, although sufficient to support the verdict, preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred. See United States v. Andrade, 94 F.3d 9 (1st Cir. 1996); United States v. Thomas, 894 F.Supp. 58 (NDNY 1995); see also Victor v. Nebraska, 114 S.Ct. 1239 (1994); In re Winship, 397 US 358 (1970).

In the instant case, Defendant submits that the testimony of the Government's witnesses, particularly the testimony of Tommy Nguyen, was not credible and so should

be rejected. Defendant further submits that there is an absence of credible testimony either that this Defendant used force or a threat of force in an attempt to collect a debt, or that he conspired to do so.

First, the connection between this Defendant and his codefendant Van Anh (who the Government alleged to be the creditor at whose behest the alleged debt collection activities occurred) consisted of Tommy Nguyen's testimony that he had seen the two together on prior occasions and telephone calls between Anh's telephone and a telephone subscribed to one Jenny Tran, which number Defendant gave to West Warwick, Rhode Island police at the time of his arrest. The Government failed to establish any connection between Jenny Tran and this Defendant at trial.

Second, Tommy Nguyen, by his own testimony, is a compulsive gambler who sought FBI assistance in March 2006 when he was unable to pay a $30,000 gambling debt. He has a criminal record, an outstanding probation violation warrant in the State of Georgia, and good reason to seek to curry favor with law enforcement authorities by his testimony. He was evasive on cross-examination, and self-serving on direct. The documented injuries that he sustained in the course of the "beating" were de minimis. He originally reported to police that he was "robbed", only later divulging details of an alleged extortion attempt.

In addition, Defendant submits that this Court should consider the numerous inconsistencies between the trial testimony of the Government's witnesses Tommy Nguyen, Yvonne Nguyen and Thom Thi Tong and the written statements that those witnesses gave to police a short time after the events allegedly occurred. The inconsistent trial testimony was invariably significantly more harmful to all of the

defendants than were the witnesses' written statements, suggesting that at trial the witnesses "embellished" on their statements and their prior grand jury testimony.

In conclusion, this Defendant submits that the Court, having had an opportunity to hear the testimony and observe the witnesses, should conclude that those witnesses lack credibility, and that the guilty verdicts rendered against this Defendant were against the weight of the evidence. For this reason, Defendant submits that this Court should grant him a new trial.

KHONG NGUYEN
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on May 11, 2006, I hand-delivered a copy of this Memorandum to AUSA James Leavey, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.