IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 05-134T |
| | : | |
| KHONG NGUYEN | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR NEW TRIAL**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and opposes Defendant's Motion for New Trial for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

# CERTIFICATION OF SERVICE

I hereby certify that on this 15th day of May, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Opposition to Defendant's Motion for a New Trial, along with its accompanying Memorandum, to the following:

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Norman Zalkind, Esquire
65A Atlantic Avenue
Boston, MA 02110

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 05-134T |
| | : | |
| KHONG NGUYEN | : | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**<u>IN OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL</u>**

## INTRODUCTION

The defendant alleges that he is entitled to a new trial pursuant to Federal Rule of Criminal Procedure 33 because three of the government's witnesses lacked credibility. This argument is entirely without merit. The government submits that the evidence introduced by the government at trial, viewed in its entirety, easily supports the jury's guilty verdict.

## THE STANDARD

Federal Rule of Criminal Procedure 33 provides that upon a defendant's motion, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." <u>Fed.R.Crim.P. 33</u>. It is well settled, however, that this discretion is to be "sparingly used, and then only where there would be a 'miscarriage of justice. . . and where the evidence preponderates heavily against the verdict.'" <u>United States v. Indelicato</u>, 611 F.2d 376, 387 (1st Cir. 1979) (quoting <u>United</u>

States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970) (internal citations omitted)). When, as here, a motion for new trial is based upon the weight of the evidence, "the court may not order a new trial 'unless it is quite clear that the jury has reached a seriously erroneous result.'" United States v. Ruiz, 105 F.3d 1492, 1501 (1st Cir. 1997) (quoting United States v. Rothrock, 806 F.2d 318, 322 (1st Cir. 1986)) (emphasis added). "A trial judge is not a thirteenth juror who may set aside a verdict merely because he would have reached a different result." Id., at 1502. See also, United States v. Pitocchelli, 830 F.2d 401, 403 (1st Cir. 1987) (judge denying defendant's motion for new trial "was not a thirteenth juror, much less was he a super-juror whose views of credibility could override the jury's verdict . . . [in denying the motion for new trial] he respected the autonomy of the jury in the field in which the jury alone can speak").

## ARGUMENT

### THE JURY'S FINDING OF GUILT WAS REASONABLE AND AMPLY SUPPORTED BY THE EVIDENCE.

Defendant's argument in support of his motion is, in effect, a rehash of his final argument to the jury. He castigates Tommy Nguyen for being a compulsive gambler with a felony conviction for Entering an Automobile and for whom there is an active misdemeanor warrant. He further claims the injuries Tommy Nguyen suffered were de minimus but doesn't explain why that would matter. He further argues that Yvonne Nguyen and Thom Thi Tong,

along with Tommy Nguyen, gave prior inconsistent statements to the police.

The problem with this argument is that, as noted above, it was put before the jury and the jury rejected all or part of it. Tommy Nguyen's 10 year old criminal record did not make him "incredible" per se. Conviction on the instant charges does not require any injury, so the extent of the injury is irrelevant. Finally, the jury may well have believed that statements taken at the scene of the crime did not have to be as all inclusive as defendant argued.

The jury heard the evidence in this case. It evaluated the witnesses' demeanor. It heard their prior consistent and inconsistent statements. It evaluated their testimony in the context of all of the evidence presented. It was their duty to determine the witnesses' credibility. They made the necessary credibility findings and returned verdicts of guilt.

**CONCLUSION**

Given the ample evidence of defendant's guilt in this case, it simply cannot be said that that "the evidence preponderates heavily against the verdict" or that "it is quite clear that the

jury reached a seriously erroneous result." The defendant's Motion for a New Trial should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

CERTIFICATION OF SERVICE

I hereby certify that on this 15th day of May, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Opposition to Defendant's Motion for a New Trial, along with its accompanying Memorandum, to the following:

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Norman Zalkind, Esquire
65A Atlantic Avenue
Boston, MA 02110

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903